IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KATHRYN FORTUNATO, | CASE NO: 1:15-cv-1940 PAG |
| Plaintiff, | JUDGE PATRICIA A. GAUGHAN |
| v. | |
| UNIVERSITY HOSPITALS HEALTH SYSTEMS, INC., | **PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS** |
| Defendant. | |

## I. INTRODUCTION.

Plaintiff Kathryn Fortunato ("Plaintiff") filed this action in the Cuyahoga County Court of Common Pleas on August 20, 2015, alleging causes of action under Ohio R.C. 4112.14 for age discrimination, discrimination on the basis of a disability under Ohio R.C. 4112.02, and intentional infliction of emotional distress (Counts I, II, III). *See Complaint*, at 3-6. Plaintiff's Complaint also asserts claims under Federal law, specifically, age discrimination in violation of 29 U.S.C. § 623 *et seq* ("ADEA") and discrimination on the basis of a disability in violation in violation of 29 U.S.C. § 12112 ("ADA") (Counts IV and V). *Id.*

Defendant University Hospitals Physician Services, Inc. ("Defendant"), substituted for the original defendant by subsequent stipulation of the parties, removed the matter to this Court on or about October 5, 2015. *See Docket*. On November 12, 2015, Defendant filed its *Motion For Partial Judgment On The Pleadings* ("Defendant's Motion")

pursuant to Fed.R.Civ.P. 12(C). Defendant's Motion argues that Count I (the Ohio age discrimination claim) should be dismissed because it is barred by the election of remedies doctrine, and Count III (intentional infliction of emotional distress) dismissed because Plaintiff has failed to state a viable claim. *See Defendant's Motion*, at 3-4.

Defendant's arguments should be rejected and its Motion denied. Denial is warranted because the evidence adduced at this stage of the proceedings demonstrates that Defendant is not entitled to judgment as a matter of law and that thee are material issues of fact to be litigated herein. Specifically, the evidence indicates 1) Plaintiff's filing with the Ohio Civil Rights Commission was solely to perfect an ADEA claim, and 2) she has stated a proper cause of action for intentional infliction of emotional distress. Therefore, Defendant's Motion should be denied.

## II. LAW & ARGUMENT.

### A. The Legal Standard Under Fed.R. 12(c).

Federal Rule of Civil Procedure 12 provides, in pertinent part, "After the pleadings are closed but within such time as not to delay trial, any party may move for judgment on the pleadings." *Fed.R.Civ.P. 12(c)*. In general, in order to prevail on such a motion, the moving part must demonstrate 1) the absence of a genuine issue of material fact, and 2) that it is entitled to judgment as a matter of law. *See City of Cleveland v. Woodhill Supply, Inc.*, 403 F.Supp.2d 631 (N.D.Ohio 2005). The allegations set forth in the complaint must be taken as true and construed in the light most favorable to the non-

2

moving party, with all reasonable inferences drawn therefrom in the non-moving party's favor. *Id.* That is the appropriate legal standard by which Defendant's Motion as to Count I (violation of R.C. 4112.14) should be evaluated.

As to Plaintiff's state law intentional infliction of emotional distress claim (Count III), however, Defendant has failed to cite the appropriate legal standard when the moving party is seeking dismissal for failure to state a claim upon which relief maybe granted. Surprisingly, that standard is set forth in *EEOC v. J. H. Routh Packing Co.*, 246 F.3d 850 (6th Cir.2001), the very case cited by Defendant in connection with the 12(c) standard. *See Defendant's Motion*, at 2. In *Routh*, the Sixth Circuit reversed the district court's grant of judgment on the pleadings for failure to state a claim, noting, the reviewing court must "construe the complaint in the light most favorable to plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts that would entitle to relief." *Id.* at 851, quoting *Meador v. Cabinet For Human Resources*, 902 F.2d 474, 475 (6th Cir.1990)(internal quotation marks omitted). This standard mirrors that utilized for Fed.R. 12(b)(6) motions. *Id.* Accordingly, when a movant seeks dismissal for failure to state a claim under Fed.R. 12(c), a third prong is added to the analysis. Pursuant to these standards, Defendant's Motion should be denied.

**B.      Plaintiff's Age Discrimination Claim under R.C. 4112.14.**

3

Ohio R.C. 4112.02 bars employers from discriminating against individuals, *inter alia*, on the basis of age. *See Ohio R.C. 4112,02(A)*..C. 4112.05(B)(1) states, "Any person may file a charge with the commission alleging that another person has engaged or is engaging in an unlawful discriminatory practice." R.C. states expressly, "This chapter shall be construed liberally for the accomplishment of its purposes, and any law inconsistent with any provision of this chapter shall not apply." In addition, Ohio R.C. 4112.14 provides, in pertinent part, "No employer shall discriminate in any job opening against any applicant or discharge without just cause any employee aged forty or older who is physically able to perform the duties and otherwise meets the established requirements of the job[.]" *R.C. 4112.14(A)*.

The cited Ohio statutes contain caveats with regard to the avenues of redress that a person alleging discrimination may utilize. Specifically, R.C. 4112.02(N) states, "A person who files a civil action under this division is barred, with respect to the practices complained of, from instituting a civil action under Section 4112.14 … and from filing a charge with the commission under section 4112.05[.]" *Id*. In turn, R.C. 4112.08 bars any person who files a charge under R.C. 4112.05(B)(1) from instituting a civil action under wither R.C. 4112.14 or 4112.02(N). *See R.C. 4112.08*.

Federal law, however, requires an individual to file a charge of age discrimination under the ADEA with the EEOC and the appropriate state agency before filing suit. *See Colina v. McGraw Constr. Co.*, 69 Ohio App.3d 422 (12th Dist. 1990), citing

4

29 U.S.C. § 621. Litigants who fail to dual file will suffer the dismissal of their ADEA claims. *Id*. As one court noted, this process places the individual who wishes to pursue both state and federal claims in an untenable "Catch-22" position. *See Fowler v. Hudson Foods*, 96 Ohio Misc.2d 19, 22 (Butler Cty. Com.P. 1998). The resolution of this issue is found in *Pitts v. Dayton Power & Light Co.*, 748 F.Supp. 527 (S.D.Ohio 1989) and *Borowski v. State Chem. Mfg. Co.*, 97 Ohio App.3d 635, 642 (1994), wherein the courts held that the plaintiffs' filing of age discrimination charges with the EEOC and a state agency did not preclude them from pursuing ADEA claims in civil matters where there was evidence the state filing was solely for the purpose of complying with the federal dual filing requirement. *Id*. Both the *Pitts* and *Borowski* courts reached their holdings based upon the Ohio Supreme Court's decision in *Morris v. Kaiser Engineers, Inc.*, 14 Ohio St.3d 45 (1984), wherein the Court held that a plaintiff who had previously filed an age discrimination action under the former R.C. 4101.17 was not barred from filing a claim pursuant to Ohio R.C. 4112.05 with the Ohio Civil Right Commission ("OCRC") where the plaintiff had done so merely to perfect a federal ADEA claim.

In the matter at bar, Defendant simply claims that Plaintiff's R.C. 4112.14 claim is barred because of her dual filing of age discrimination charges with both the EEOC and the OCRC. *See Defendant's Motion*, at 3. Defendant is incorrect, and its Motion should be denied as to Count I, because the evidence reveals that Plaintiff's filing with the OCRC was simply done to perfect her federal ADEA claim. The OCRC form, helpfully filed by

Defendant with its Answer and attached hereto for the Court's convenience, states expressly, "I believe that I was discharged due to my disability in violation of Title I of the Americans with Disabilities act of 1990 as amended ADA. I believe that I was discriminated against because of my age (67) in violation of the Age Discrimination in Employment Act of 1967 as amended." *See Exhibit 1*. Viewing the evidence pertinent to this issue in the light most favorable to Plaintiff as the non-moving party and drawing all reasonable inferences therefrom in her favor as required by Fed.R.Civ.P. 12(c), it is apparent that Defendant's argument ails as a matter of law because Plaintiff's filing with the OCRC was simply to perfect her federal ADEA claim. Therefore, Defendant's Motion as to Count I of the Complaint should be denied.

    C.    **Plaintiff Has Stated a Viable Claim For Intentional Infliction of Emotional Distress Under Ohio Law.**

Count III of Plaintiff's Complaint alleges a cause of action for intentional infliction of emotional distress ("IIED"). *See Complaint*, ¶¶ 29-32. The elements of an IIED claim under Ohio law are: 1) defendant either intended to cause emotional distress or knew or should have known that actins taken would result in emotional distress to the plaintiff, 2) that defendant's conduct was so outrageous as to go beyond all possible bounds of decency and was such that the actions can be considered as intolerable in a civilized society, 3) that the acts complained of were the proximate cause of the plaintiff's psychic injury and 4) the mental anguish was of such a character that no reasonable person could be expected to bear it. *See Manno v. St. Felicitas Elementary*

6

*School*, 161 Ohio App.3d 715 (28th Dist.2005), at ¶ 27 (internal citations omitted); *Godfredson v. Hess & Clark, Inc.*, 173 F.3d 365, 375-376 (6th Cir.1999).

Taking Plaintiff's allegations as true in accordance with Fed.R.Civ.P. 12(c), the Complaint establishes that Defendant employed Plaintiff as a Doctor's Secretary for over eleven years, from March, 2003 until October 29, 2014. *See Complaint*, at ¶ 5. Plaintiff informed Defendant's representative that she was suffering from depression in early October, 2014. *Id.* at ¶ 22. Less than thirty (30) days later, Defendant terminated Plaintiff. *Id.* at ¶ 27. Defendant terminated Plaintiff despite her disability and either intended to do so knowing that it would cause Plaintiff's depression to become more severe, to the point where she endured "deeper depression, anxiety, and/or sleepless nights." *Id.* at ¶ 32.

The allegations set forth in Plaintiff's Complaint meet each and every element of an IIED claim. Indeed, an IIED claim under Ohio law is particularly appropriate in this matter because the allegations, taken as truth, establish that Defendant, purportedly a healing organization, targeted a woman, aged 67, with eleven year of loyal service and suffering from depression, for termination, terminated her despite its knowledge of her depression, and thereby made her depression worse. That is precisely the type of conduct (by a hospital system, no less) that is so extreme and outrageous that no person should be forced to bear it. Therefore, at this stage of the proceedings, Defendant has failed to meet its Fed.R.Civ.P. 12(c) burden. Indeed, the allegations set forth in the

Complaint reveal that Plaintiff has stated a cause of action for IIED such that Defendant's Motion with respect to Count III should also be denied.

### III. CONCLUSION.

Defendant University Hospitals Physician Services, Inc.'s *Motion For Partial Judgment On The Pleadings* as to Counts I and III of the Complaint should be denied in its entirety. Denial is warranted because the Complaint's factual allegations, which are taken as true for the purposes of Fed.R.Civ.P. 12(c), preclude an entry of judgment in Defendant's favor as a matter of law. In particular, the Complaint and the attachments referenced herein, demonstrate that Plaintiff's February 9, 2015 filing with the Ohio Civil Rights Commission was solely for the purpose of perfecting her federal ADEA claim.

In addition, the factual allegations set forth in the Complaint state a claim for intentional infliction of emotional distress because Defendant, knowing Plaintiff suffered from depression, terminated her less than thirty days after being informed of Plaintiff's condition, an action Defendant either knew or should have known would deepen Plaintiff's depression. The evidence therefore established that Defendant's action in terminating Plaintiff was so extreme and outrageous that it cannot be tolerated in a civil society. Defendant's Motion should therefore be denied in its entirety.

Respectfully submitted,

Mark E. Porter (0072952)

Law Office of Mark E. Porter, LLC
6480 Rockside Woods Boulevard South-Suite 300
Independence, Ohio 44131-2222
E-mail: mp@mporterlaw.com
Phone: (216) 402-2157

*Attorney for Plaintiff Kathryn Fortunato*

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of November, 2015, the foregoing *Plaintiff's Brief In Opposition To Defendant's Motion For Partial Judgment On The Pleadings* was filed electronically. Notice of this filing will be served by the Court's CM/ECF system on all parties.

Mark E. Porter (0072952)
Attorney for Plaintiff Kathryn Fortunato

9