**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **Kathryn Fortunato,** ) | CASE NO.  1:15 CV 1940 |
| ) | |
| Plaintiff, ) | JUDGE PATRICIA A. GAUGHAN |
| ) | |
| vs. ) | <u>Memorandum of Opinion and Order</u> |
| ) | |
| **University Health Systems,,** ) | |
| ) | |
| **Defendant.** ) | |

**<u>INTRODUCTION</u>**

This matter is before the Court upon Defendant University Hospital System, Inc.'s Motion for Partial Judgment on the Pleadings (Doc. 8).  This is an employment discrimination case.  For the reasons that follow, the motion is GRANTED in PART and DENIED in PART. Defendant is entitled to judgment on the pleadings with respect to count three.  Defendant's motion is denied as to count one.

**<u>FACTS</u>**

Plaintiff Kathryn Fortunato brings this lawsuit against defendant University Hospital

System, Inc.[1] alleging wrongful termination based on age and disability discrimination. According to the complaint, plaintiff worked for defendant as a medical secretary for over 11 years.  Plaintiff claims that defendant required her to learn a new computer program but failed to provide her with adequate training.  Plaintiff further alleges that defendant terminated her as a result of errors she allegedly made.  Defendant pointed to the errors as the basis for termination, when in fact this purported justification was pretext for age discrimination.

Plaintiff also alleges that defendant knew plaintiff suffered from depression.  Plaintiff requested an accommodation, which included additional time to complete tasks.  Defendant refused to accommodate plaintiff's disability and, instead, terminated her within 30 days of learning of the disability.

Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") and received a right to sue letter.  Thereafter, plaintiff filed a five count complaint.  Count one is a claim for age discrimination under Ohio law. Count two is a state law claim for disability discrimination.  Count three is a claim for intentional infliction of emotional distress ("IIED"). Count four asserts a violation of the ADEA and count five is a claim for violation of the ADA.

Defendant moves for judgment on the pleadings with respect to counts one and three and plaintiff opposes the motion.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(c) provides, "After the pleadings are closed but

---

[1] Defendant notes that it is incorrectly named in the complaint. Defendant's correct name is University Hospitals Physician Services, Inc. The Court previously substituted the proper defendant.

-2-

within such time as not to delay the trial, any party may move for judgment on the pleadings." Where a motion for judgment on the pleadings is based on the argument that the complaint fails to state claim upon which relief may be granted, it is judged under the same standard of review as a Rule 12(b)(6) motion. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11 (6th Cir. 1987).

Thus, the allegations of the complaint must be taken as true and construed liberally in favor of the plaintiff. *Lawrence v. Chancery Court of Tenn.,* 188 F.3d 687, 691 (6th Cir. 1999). Notice pleading requires only that the defendant be given "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47. However, the complaint must set forth "more than the bare assertion of legal conclusions." *Allard v. Weitzman* (*In Re DeLorean Motor Co.*)*,* 991 F.2d 1236, 1240 (6th Cir. 1993). Legal conclusions and unwarranted factual inferences are not accepted as true, nor are mere conclusions afforded liberal Rule 12(b)(6) review. *Fingers v. Jackson-Madison County General Hospital District,* 101 F.3d 702 (6th Cir. Nov. 21, 1996), *unpublished*. Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. *Craighead v. E.F. Hutton & Co.,* 899 F.2d 485, 489-490 (6th Cir. 1990).

In addition, a claimant must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 (2007). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1955 (2009). Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The

> plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Id*. at 1949 (citations and quotations omitted). *See also, Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603 (6th Cir.2009).

### ANALYSIS

1. Count one (age discrimination in violation of O.R.C. § 4112.14)

Defendant argues that this claim is barred by Ohio's doctrine of election of remedies. According to defendant, the charge plaintiff filed with the EEOC is considered to have been filed with the Ohio Civil Rights Commission ("OCRC"). Because plaintiff is deemed to have pursued administrative relief, she may not also pursue relief for state law age discrimination in court. Plaintiff responds that there is an exception to Ohio's election of remedies doctrine. According to plaintiff, she filed a charge with the EEOC simply to perfect her right to file a claim under the ADEA. As such, she is not barred from pursuing her claim here.

> Pursuant to O.R.C. § 4112.08,
>
> ... Nothing contained in this chapter shall be considered to repeal any of the provisions of any law of this state relating to discrimination because of race, color, religion, sex, military status, familial status, disability, national origin, age, or ancestry, except that any person filing a charge under division (B)(1) of section 4112.05 of the Revised Code, with respect to the unlawful discriminatory practices complained of, is barred from instituting a civil action under section 4112.14 or division (N) of section 4112.02 of the Revised Code.

In distinguishing between handicap and age discrimination claims, the Ohio Supreme Court held as follows:

> R.C. 4112.02(N) provides that '[a]n aggrieved individual may enforce the individual's rights relative to discrimination on the basis of age * * * by instituting a civil action.' An individual may also file an age discrimination charge with the commission pursuant to

-4-

> R.C. 4112.05(B)(1). However, the General Assembly has specifically provided that individuals alleging age discrimination must choose between an administrative or judicial action. R.C. 4112.08 states that "any person filing a charge under division (B)(1) of section 4112.05 of the Revised Code, with respect to the unlawful discriminatory practices complained of, is barred from instituting a civil action under section 4112.14 or division (N) of section 4112.02 of the Revised Code."

*Smith v. Friendship Village of Dublin, Ohio, Inc.*, 751 N.E.2d 1010, 1014 (Ohio 2001).

The Court went on to note that no similar provision exists with regard to handicap discrimination. As such, unlike an age discrimination claim, a party can pursue handicap discrimination claims both administratively and judicially.

In response, plaintiff argues that federal law requires an ADEA plaintiff to file an administrative charge before seeking judicial relief. Thus, plaintiffs are in a "Catch-22" because they will be forced to waive their state statutory judicial remedies in order to pursue relief for their federal claim.

Upon review, the Court finds that defendant's motion must be denied. Although not cited by either party, the Sixth Circuit addressed this issue in two unpublished opinions. In *McLaughlin v. Exel Wire & Cable, Inc.*, 787 F.2d 591 (6th Cir. 1986), the Sixth Circuit reversed the district court's finding that plaintiff's "choice of opting to file with the EEOC bars his claim for judicial relief in state court." The court held:

> Filing a charge with the EEOC simply cannot be equated with instituting an action with the OCRC. Next, we find no support for the district court's holding in the Ohio statutes. [The Ohio Revised Code] clearly preclude[s] the judicial remedies under state law only if a charge, in writing and under oath, is filed with the OCRC within six months of an alleged discriminatory practice. Finally, since the filing of an EEOC charge is a prerequisite to bringing a subsequent suit under the ADEA, adoption of the district court's holding would foreclose ever bringing an action alleging age discrimination violative of both the ADEA and Ohio law in federal court. Such a result would run contrary to the interrelated and complementary nature of federal and state employment discrimination procedures.

*McLaughlin*, 787 F. 2d 591 at * 3 (emphasis in original).

Ultimately, the court determined that it need not expressly decide the issue. Instead, it remanded the matter to the district court for factual findings as to whether the transmittal of a xerox copy by the EEOC to the OCRC is sufficient to confer jurisdiction upon the OCRC. Later, in another unreported decision, the Sixth Circuit expressly reached the issue:

> Defendant also claims that this state claim is barred because the Ohio statutory scheme includes an election of remedies provision. A party in plaintiff's position must choose whether to proceed under O.R.C. 4101.17, the age discrimination provision..., or to seek an administrative remedy under section 4112.05. This latter section refers to the OCRC, and not the EEOC. Plaintiff as required by federal law as a prerequisite to filing a claim under the ADEA, informed the OCRC of his charge. The charge would be processed by the EEOC and not by the state agency. There is no indication that Ohio intended to bar a plaintiff who went to the EEOC, seeking no remedy from the OCRC, from pursuing a claim under section 4011.17 where filing with the EEOC is required for the filing of a federal claim. Defendant's interpretation would effectively mean that Ohio barred federal court pendent jurisdiction of claims under section 4101.07. Whether Ohio could do this if it wished or not, we do not believe it is the result envisioned by the Ohio legislature....

*Lafferty v. Coopers & Lybrand*, 841 F.2d 1126 (6th Cir. 1988).[2]

Since these Opinions were issued, a number of federal district courts and Ohio appellate courts have addressed this issue and there is a clear split on whether the Ohio Supreme Court would deem the filing of an EEOC charge to qualify as an election of remedies. *Compare*, *Hillery v. Fifth Third Bank,* 2009 WL 1322304 (S. D. Ohio 2009)(filing with EEOC precludes later filing of state statutory age discrimination claim); *Gray v. Allstate*, 2005 WL 2372845 (S. D. Ohio 2005); *Williams v. Allstate Ins. Co.*, 2005 WL 1126761 (N.D. Ohio 2005) *with Flint v.*

---

[2] Both *Lafferty* and *McLaughlin* involved previous versions of O.R.C. § 4112, *et seq*. For purposes of this motion, there do not appear to be any material differences between the previous version of the statute and the version at issue here.

*Mercy Health Partners of Southwest Ohio*, 940 F.Supp.2d 743 (S.D. Ohio 2013)(filing of charge with EEOC does not qualify as an election of remedies); *Esparza v. Pierre Foods*, 923 F.Supp.2d 1099 (S.D. Ohio 2013); *Johnson v. Ohio Cas. Ins. Co.*, 2006 WL 2849781 (S.D. Ohio 2006); *Spengler v. Worthington Cylinders*, 438 F.Supp.2d 805 (S.D. Ohio 2006).

Although the Ohio Supreme Court has not yet addressed the issue, it did address whether the filing of a state court action prevents the later filing of a claim with the OCRC for the purpose of meeting the ADEA's requirements. The court held that it did not. *See, Morris v. Kaiser Engineers*, 471 NE.2d 471 (Ohio 1984)("Therefore, this court holds that a claimant who has previously filed an age discrimination action under R.C. 4101.17 is not barred from filing a claim with the OCRC pursuant to R.C. 4112.05 in order to satisfy the mandatory prerequisite to an action under the ADEA."). Thus, although not directly on point, the Supreme Court of Ohio has shown reluctance in interpreting the election of remedies provision in such a way that would require a party to choose between state and federal judicial relief. Based on this reluctance, as well as the reasoning set forth in the Sixth Circuit opinions, which predict that the Ohio Legislature did not intend to bar federal court pendent jurisdiction of state statutory age discrimination claims, the Court finds that the filing of a charge with the EEOC is not an election of remedies pursuant to O.R.C. § 4112.08. This result is in line with the longstanding principle that state and federal employment discrimination procedures are intended to complement each other.

2. Count three (IIED)

Defendant argues that plaintiff's IIED claim fails because she does not allege any "extreme and outrageous" conduct sufficient to support such a claim. Plaintiff disagrees and

claims that she alleges that she worked for defendant for over 11 years and informed defendant that she suffered from depression. Shortly thereafter, defendant terminated plaintiff and she suffered "deeper depression, anxiety, and/or sleepless nights" as a result. According to plaintiff, these allegations are sufficient at this stage in the proceedings.

The Ohio Supreme Court adopted the Restatement approach and first recognized a cause of action for intentional infliction of emotional distress in *Yeager v. Local Union 20*, 453 N.E.2d 666, 670-671 (Ohio 1983). Under Ohio law,

> [i]n order to recover on an action for intentional infliction of serious emotional distress four elements must be proved: 1) that the actor either intended to cause emotional distress or knew or should have known the actions taken would result in serious emotional distress to the plaintiff; 2) that the actor's conduct was so extreme and outrageous as to go "beyond all possible bounds of decency" and was such that it can be considered as "utterly intolerable in a civilized community;" 3) that the actor's actions were the proximate cause of plaintiff's psychic injury; 4) that the mental anguish suffered by plaintiff is serious and of a nature that "no reasonable man could be expected to endure it.

*Pyle v. Pyle*, 463 N.E.2d 98, 103 (Ohio App. 8th Dist. 1983). *See also, Talley v. Family Dollar Stores of Ohio, Inc.*, 542 F.3d 1099, 1110 (6th Cir. 2008)

However, "liability clearly does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Reamsnyder v. Jaskolski*, 462 N.E.2d 392, 394 (Ohio 1984) (citations omitted). Federal courts consistently hold that employment termination, without more, is insufficient to support an IIED claim. *See Shoemaker–Stephen v. Montgomery County Bd. of Com'rs* 262 F.Supp.2d 866, 888 (S.D.Ohio, 2003) ("it is well-established under Ohio law that discrimination, by itself, is insufficient to support an intentional infliction of emotional distress claim"). *See also Godfredson v. Hess & Clark, Inc.*,

173 F.3d 365, 376 (6th Cir.1999)( "But an employee's termination, even if based upon discrimination, does not rise to the level of "extreme and outrageous conduct" without proof of something more. If such were not true, then every discrimination claim would simultaneously become a cause of action for the intentional infliction of emotional distress.").

Upon review, the Court finds that dismissal is warranted because the complaint does not allege conduct that rises to the level of "extreme and outrageous" such that liability could attach. The allegations in the complaint recite a straightforward claim of wrongful termination. Plaintiff simply alleges that she was not provided proper training to learn certain computer skills and that she was fired as a result of her age. She further alleges that she informed defendant that she suffers from depression and defendant refused to accommodate her disability. Instead, defendant fired her. Taking these allegations in the light most favorable to plaintiff, the Court finds that the complaint does not allege the type of "extreme and outrageous" conduct required to support a claim for IIED. Plaintiff does not allege the "something more" needed to sustain such a claim in the employment context. Accordingly, defendant is entitled to judgment on the pleadings with respect to count three.

**CONCLUSION**

For the foregoing reasons, Defendant University Hospital System, Inc.'s Motion for Partial Judgment on the Pleadings (Doc. 8) is GRANTED in PART and DENIED in PART.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
Dated: 2/2/16     United States District Judge