UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KATHRYN FORTUNATO, | ) CASE NO. 1:15-cv-1940 PAG |
| | ) |
| Plaintiff, | ) JUDGE PATRICIA A. GAUGHAN |
| | ) |
| vs. | ) |
| | ) |
| UNIVERSITY HOSPITALS PHYSICIAN SERVICES, INC., | ) |
| | ) |
| | ) |
| Defendant. | |

### DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

**I.  SUMMARY OF THE ARGUMENT**

Defendant University Hospitals Physician Services, Inc. ("Defendant" or "UHPS") moved for summary judgment on all of Plaintiff Kathryn Fortunato's ("Plaintiff" or "Fortunato") remaining claims.  Plaintiff's Opposition to Defendant's Motion for Summary Judgment (the "Opposition") fails to establish any genuine issues of material fact for trial.  In fact, Plaintiff abandons her failure to accommodate claims and fails to rebut any of UHPS' arguments on her claims that she was terminated on the basis of her age and alleged disability.

Instead, the Opposition attempts to bury the undisputed material facts in an avalanche of non-material facts, conclusory statements, and factual distortions.  Plaintiff goes to great lengths to convince this Court that she has satisfied her *prima facie* cases for her age and disability claims under state and federal law through both direct and circumstantial evidence.  In doing so, Plaintiff mischaracterizes and misrepresents her own deposition testimony, along with statements contained in Deborah Conti's declaration.  Plaintiff also attempts to use Bart Bixenstine's alleged comment as direct evidence of age and disability discrimination.  However, Bixenstine's alleged

1

comment is inadmissible hearsay and is vague, ambiguous and otherwise irrelevant to the issues at hand because it does not mention Plaintiff's alleged disability or age.[1]

Plaintiff's convoluted and misleading arguments contained in her Opposition do not change any of the following material facts: (1) none of Plaintiff's supervisors or co-workers ever made any age or disability-based comments; (2) Plaintiff received multiple corrective actions, performance improvement plans ("PIPs"), and poor performance evaluations throughout her employment; (3) in her deposition, Plaintiff admitted that she had performance issues at the time of her separation; (4) Plaintiff was ultimately terminated due to her poor performance and in accordance with her final PIP; (5) after Plaintiff's termination, her job duties were assigned to the other two secretaries in her department, both of whom are over 40 and one of whom similarly suffers from Plaintiff's alleged disability; and (6) there is no evidence whatsoever that Plaintiff's age or allege disability factored into UHPS' decision to terminate her employment.  These undisputed, dispositive facts confirm that summary judgment should be entered in Defendant's favor.

## II.     LAW AND ANALYSIS

### A.     Plaintiff's Failure to Accommodate Claims Fail as a Matter of Law Because She Never Request An Accommodation

Judgment should be granted to Defendant on Plaintiff's failure to accommodate claims under the ADA and ORC § 4412 because Plaintiff abandoned these claims when she did not oppose Defendant's argument in its Motion for Summary Judgment that Plaintiff never requested an accommodation.  *See McNamara v. GM, LLC*, Case No. 4:15CV0600, 2016 U.S. Dist. LEXIS 69847, *32-33 (N.D. Ohio May 27, 2016) (court dismissed the Plaintiff's disability harassment claim where the plaintiff did not offer any opposition to the defendant's summary judgment

---

[1] Defendant has filed a Motion to Strike Bixenstine's alleged comment.

argument and held that the plaintiff had abandoned his harassment claim and waived any argument concerning the dismissal of that claim. *See also Briggs v. Univ. of Detroit-Mercy*, 611 Fed. App'x 865, 870 (6th Cir. 2015) ("[t]his Court's jurisprudence on abandonment of claims is clear: a plaintiff is deemed to have abandoned a claim when a plaintiff fails to address it in response to a motion for summary judgment") (internal citations omitted).

Defendant's arguments in its summary judgment motion make clear that Plaintiff cannot satisfy her *prima facie* case for her failure to accommodate claims. It is undisputed that Plaintiff never requested an accommodation. (*See* Deposition of Plaintiff at 46-48 (hereinafter "Plaintiff Dep. at _"), attached hereto as Exhibit 1). In fact, Plaintiff admitted that she never had any work restrictions. (Plaintiff Dep. at 8-9). Accordingly, Plaintiff cannot satisfy her *prima facie* case for her failure to accommodate claims and summary judgment should be granted in favor of UHPS on these claims.

### B. Bart Bixenstine's Comment Is Inadmissible Hearsay and Irrelevant

The Opposition argues that Plaintiff has direct evidence of disability and age discrimination. (Opposition at 10-11 and 14-16). Plaintiff alleges that after she was deposed in connection with her former co-worker Marsha Kelly's lawsuit against Defendant, she spoke to Bart Bixenstine who was serving as legal counsel for UHPS in Kelly's lawsuit and told Bixenstine about the issues she was allegedly experiencing in her department. (Plaintiff Dep. at 107-109 and 115-117). Specifically, Plaintiff testified that she called Mr. Bixenstine a couple months prior to her termination, and that Bixenstine directed her to contact Human Resources and allegedly told her that she "was next on the list." (*Id.*). The Opposition asserts that Bixenstine's alleged comment that Plaintiff "was next on the list," constitutes direct evidence of

3

both disability and age discrimination. (Opposition at 10-11).[2] Plaintiff's argument is without merit.

First, Bixenstine's comment is inadmissible hearsay.[3] Plaintiff attempts to argue that Bixenstine's comment is admissible as an admission by an agent of a party opponent pursuant to Fed.R.Evid. 801(d)(2). (*See* Opposition at 15). However, Bixenstine was not a representative of Defendant at the time of the alleged comment. Bixenstine ceased to be a representative of Defendant on March 20, 2014 – the day in which the Marsha Kelly case mentioned in Plaintiff's deposition was dismissed, and his alleged comment directing Plaintiff to speak with Defendant's in-house legal counsel evidences further support for this fact. (*See* Affidavit of David Campbell, attached hereto as Exhibit 2).[4] VSSP was not retained as counsel for Defendant until Plaintiff filed her Complaint in the instant action on August 20, 2015. Because Bixenstine was not Defendant's representative at the time he made the alleged comment, it is not an admission by a party opponent under Fed.R.Evid. 801(d)(2). Accordingly, because Bixenstine's alleged comment was an out-of-court statement offered for the truth of the matter asserted, it is inadmissible hearsay and cannot be used as evidence of discrimination and should be excluded from the record. *See* Fed.R.Evid. 801, 802.

Second, assuming, *arguendo*, that Bixenstine's alleged comment is not inadmissible hearsay – which it is – the comment is completely ambiguous and not relevant for purposes of establishing any age or disability discrimination by Defendant. Bixenstine's alleged comment did not reference Plaintiff's disability or age and is nothing more than a vague, isolated remark

---

[2] Of note, Plaintiff failed to attach the cited deposition pages she uses in support of her allegations of direct evidence to her Opposition.
[3] A motion to strike has been filed contemporaneously with this reply memorandum.
[4] Bixenstine was a former partner of the law firm Vorys, Sater, Seymour and Pease ("VSSP"). VSSP is not general employment counsel for Defendant or its related entities – Defendant or its related entities retain VSSP to handle discrete matters.

4

by a non-decisionmaker. (*See* Declaration of Deborah Conti at ¶ 11 (hereinafter "Conti Decl. at ¶ _"), attached hereto as Exhibit 3, stating that Conti and Human Resources Generalist Andreana Williams made the decision to terminate Plaintiff's employment). The Sixth Circuit has made clear that "general, vague, or ambiguous comments do not constitute direct evidence of discrimination because such remarks require a factfinder to draw further inferences to support a finding of discriminatory animus." *Curry v. Brown*, 607 Fed. App'x 519, 523 (6th Cir. 2015).

Moreover, as to age discrimination, the Sixth Circuit has routinely found that comments that reference time or an employee's length of employment, *without addressing age*, are insufficient to establish direct evidence of age discrimination. *See, e.g., Scott v. Potter,* 182 Fed. App'x 521, 526-27 (6th Cir. 2006) (supervisor's comment "why don't you retire and make everybody happy" was too vague and ambiguous to constitute direct evidence of age discrimination, and where the court held that there is no connection between the word "retire" and "age" and that too many inferences would need to be drawn to establish a connection); *Phelps v. Yale Sec., Inc.*, 986 F.2d 1020, 1025 (6th Cir. 1993) (supervisor's comment to the plaintiff that her "fifty-fifth birthday month was a cause for concern" was too ambiguous to establish direct evidence of age discrimination, especially where the supervisor's comment did not elaborate on what the plaintiff should be concerned with); *Witschger v. E.I. Dupont De Nemours & Co.*, No. 1:11-cv-814, 2013 U.S. Dist. LEXIS 77725, *17-18 (S.D. Ohio June 3, 2013) (comments that the plaintiff had been with the employer "so damn long" and "that guy's out of here," were vague and ambiguous and did not establish direct evidence of age discrimination). In fact, the Sixth Circuit has held that in the context of age discrimination, "only the most blatant remarks, whose intent could be nothing other than to discriminate on the basis of age, satisfy [the] criteria." *Treadway v. Cal. Prods. Corp.*, Case No. 15-5718, 2016 U.S.

App. LEXIS 14212, *15-17 (6th Cir. Aug. 1, 2016).

Here, Bixenstine's alleged comment is extremely vague and ambiguous – it does not include any reference to Plaintiff's age, alleged disability or medical condition, or even her length of employment.  Several inferences would need to be drawn to in order to establish any type of connection between the alleged comment and Plaintiff's age or alleged disability.  Moreover, Bixenstine was not Plaintiff's supervisor and, as outside counsel to UHPS, had no control over the decision to terminate Plaintiff. (Conti Decl. at ¶ 11); *see e.g. Carter v. Univ. of Toledo*, 349 F.3d 269, 273 (6th Cir. 2003) ("comments made by individuals who are not involved in the decision-making process regarding plaintiff's employment do not constitute direct evidence of discrimination); *see also Momah v. Dominguez*, 239 Fed. App'x 114, 122 (6th Cir. 2007) (citations omitted).

Further, the alleged comment was an isolated remark that occurred several months prior to Plaintiff's termination.  *See Witschger v. E.I. Dupont De Nemours & Co.*, No. 1:11-cv-814, 2013 U.S. Dist. LEXIS 77725, *17-18 (S.D. Ohio June 3, 2013) ("[i]solated and ambiguous statements…are too abstract, in addition to being irrelevant and prejudicial, to support a finding of age discrimination"); *Curry v. Brown*, 670 Fed. Appx. 519, 524-525 (6th Cir. 2015) (Sixth Circuit found that direct evidence of disability discrimination could not be inferred from the comment by the employee's supervisor, that "she should probably focus on her health rather than worry about the stress of supervising people"); *Hopkins v. Electronic Data Sys.*, 196 F.3d 655, 661 (6th Cir. 1999) (co-workers comment that referred to the plaintiff as "the mentally ill guy on Prozac that's going to shoot the place up" was too isolated and ambiguous to support a claim for disability discrimination under the ADA).  Accordingly, Bixenstine's alleged comment is immaterial and irrelevant and does not establish any evidence – direct or circumstantial – of age

6

or disability discrimination.

### C. Plaintiff's Disability Discrimination Claims Fail as a Matter of Law

Plaintiff cannot satisfy her *prima facie* case for her disability discrimination claim under the ADA or ORC § 4112 because: (1) she was not disabled; (2) she was not qualified for the position, with or without a reasonable accommodation; (3) UHPS had no reason to know of Plaintiff's alleged disability; and (4) Plaintiff was not replaced after her termination, rather, her position was eliminated and her duties were assigned to the other two doctor's secretaries in her department.[5]

Plaintiff never informed Defendant that she was allegedly suffering from depression and Defendant had no reason to know of Plaintiff's alleged depression. It is undisputed that Plaintiff never requested an accommodation. It is also undisputed that Plaintiff never had any work restrictions that would alert Defendant to Plaintiff's alleged depression. (Plaintiff Dep. at 8 and 9 and 47-48). Furthermore, Plaintiff testified that the only documented evidence regarding her alleged disability stem from a 2008 letter from her doctor that *does not mention depression* and a written comment on her 2013 PIP that simply references that she had a "medical issue" which was "treated inpatient" and *does not mention depression*. (Opposition at 1-2, 8; Plaintiff Dep. at 23-25 and Ex.3 at pg. 10, 109-110 and Ex. 9). The only other evidence Plaintiff offers is the allegation that she told Ms. Conti and a UHPS human resources representative that she was taking medication for depression during her performance evaluations in 2014 and then again 30 days prior to her termination. (Opposition at 8; Plaintiff Dep. at 77-78, 99 and Ex. 2; Compl. at

---

[5] In order for Plaintiff to satisfy her *prima facie* case for disability discrimination with circumstantial evidence, Plaintiff must prove that: (1) she was disabled; (2) she was otherwise qualified for the position, with or without reasonable accommodation; (3) she suffered an adverse employment action; (4) UHPS knew or had reason to know of Plaintiff's disability; and (5) Plaintiff's position remained open while UHPS sought other applicants or Plaintiff was replaced. *See Caparanis v. Ford Motor Co.*, No. 1:13-cv-926, 2013 U.S. Dist. LEXIS 175955, *22-23 (N.D. Ohio Dec. 16, 2013) (citing *White v. Std. Ins. Co.*, 529 Fed. App'x 547, 579 (6th Cir. 2013)). Plaintiff cannot satisfy the first, second, fourth, or fifth element of her *prima facie* case.

¶¶ 27, 44).[6]  However, this evidence simply does not support a finding that Plaintiff had a record of a disability.  Accordingly, the undisputed facts confirm that Plaintiff was not regarded by UHPS as being disabled and that Plaintiff cannot prove that she suffered from an impairment that qualifies as a disability.

Plaintiff fails to meet the second element of her *prima facie* case because she was not qualified for her position due to the fact that she was not performing her job at a level that met Defendant's legitimate expectations."  *See Godfredson v. Hess & Clark*, *Inc.*, 173 F.3d 365, 371, 1999 U.S. App. LEXIS 6266, *10-11 (6th Cir. 1999) (internal citations omitted).  It is undisputed that Plaintiff had performance issues throughout her employment.  Plaintiff testified that she "was not performing at an acceptable level" and had issues with scheduling patients and working the patient scheduling program, using the telephones and relaying messages, communicating with co-workers and patients, and responding to meeting invites.  (Plaintiff Dep. at 26, 42, 45, 75-77, 98, 100).  Plaintiff also admits that she was unable to operate Excel and refused to learn the program, despite repeated requests from Conti to do so.  (Plaintiff Dep. at 15-16, 29-30, 35, 38-39, 44, 97).

Additionally, Plaintiff cannot meet the fourth element of her *prima facie* case because Plaintiff was not replaced after her termination; rather, Defendant eliminated Plaintiff's position and assigned her job duties to two secretaries within her department, both of whom were employed by Defendant prior to Plaintiff's termination.[7]  (Conti Decl. at ¶ 13; *see also Godfredson v. Hess & Clark*, *Inc.*, 173 F.3d 365, 372, 1999 U.S. App. LEXIS 6266 (6th Cir.

---

[6] Plaintiff also alleges that she informed her <u>co-worker</u>, Carol Campbell that she was taking medication in 2008 or 2008.  However, ("[m]erely informing a co-worker about a disability is not sufficient to give an employer notice of that disability" *Brown v.* BKW, *Drywall Supply, Inc.*, 305 F.Supp. 2d 814, 829 (S.D. Ohio 2004).

[7] It should be noted that the Opposition *grossly* misrepresents Plaintiff's deposition testimony. Specifically, the Opposition states that "[Plaintiff] observed young women coming to the office for secretarial positions a week after her termination." (Opposition at 18).  However, Plaintiff clearly and unambiguously testified that she had "no idea" whether Defendant interviewed anyone for her position, let alone replaced her. (Plaintiff Dep. at 29, 88-89).

8

1999) ("[A] person is not replaced when another employee is assigned to perform the plaintiff's duties in addition to other duties, or when the work is redistributed among other existing employees already performing related work").

Plaintiff also cannot show that Defendant's legitimate, nondiscriminatory reason for her termination – her poor performance – was pretext for disability discrimination. As indicated above, Plaintiff admits that she had performance issues. Further, Plaintiff's performance evaluations and PIPs show that Plaintiff's poor performance did, in fact, motivate Defendant's decision to terminate her. Moreover, there is nothing in the record to suggest that UHPS considered Plaintiff's alleged depression or medication when making its decision to terminate her. Accordingly, because Plaintiff cannot satisfy her *prima facie* case and cannot prove that Defendant's legitimate, non-discriminatory reason for her termination – her poor performance, was pretext for unlawful disability discrimination, Plaintiff's disability discrimination claims under the ADA and O.R.C. § 4112 fail as a matter of law.

### D. Plaintiff's Age Discrimination Claims Under the ADEA and O.R.C. § 4112 Fail as a Matter of Law

Plaintiff must satisfy her *prima facie* case of age discrimination under the ADEA and O.R.C. § 4112.02 by proving through circumstantial evidence that she: (1) was a member of a statutorily-protected class; (2) suffered an adverse employment action; (3) was qualified for the position; and (4) was replaced by a person who is not a member of the protected class. *See Godfredson v. Hess & Clark, Inc.*, 173 F.3d 365, 371, 1999 U.S. App. LEXIS 6266, *10-11 (6th Cir. 1999).[8]

---

[8] The Opposition asserts that this Court should deny Defendant's Motion for Summary Judgment because Defendant's reliance on the *McDonnell Douglas* burden shifting framework is misplaced. (Opposition at 13-16). To the contrary, because Plaintiff has no direct evidence of age or disability discrimination, Plaintiff can only prove her claims with circumstantial evidence utilizing the *McDonnel Douglas* framework. *See Bartlett v. Gates*, 421 Fed. App'x. 485, 489 (6th Cir. 2016) (holding that ADEA claims based on circumstantial evidence are still analyzed under *McDonnell Douglas*) (internal citations omitted); *Bailey v. Real Time Staffing Servs.*, 543 Fed. App'x 520,

As previously discussed herein, Plaintiff was not qualified for her position because she was not meeting UHPS' legitimate expectations. *Id.* at 372 ("[i]n order to show that a plaintiff is qualified, [she] must prove that [s]he was performing [her] job at a level which met [her] employer's legitimate expectations") (internal citations omitted). Additionally, Plaintiff cannot meet the fourth prong of her *prima facie* case because, as discussed previously herein, Plaintiff was not replaced. Instead, Plaintiff's position was eliminated and her work was assigned to the two other secretaries within Plaintiff's department. *See Godfredson*, 173 F.3d at 372.

Moreover, assuming, *arguendo*, that Plaintiff is able to satisfy her *prima facie* case for age discrimination under Ohio and federal law – which she cannot – her claims automatically fail because Plaintiff failed to counter Defendant's arguments in its Motion for Summary Judgment regarding Plaintiff having no evidence of pretext. Plaintiff's failure to address Defendant's pretext argument also evidences that she cannot rebut their factual accuracy. As previously discussed above and set forth in Defendant's Motion for Summary Judgment, it is undisputed that Plaintiff had performance issues, and that Defendant relied upon Plaintiff's poor performance in its decision to terminate her. Moreover, the record is void of any evidence of age discrimination. First, Plaintiff was hired when she was 53 years of age, and already in the protected class. Second, Plaintiff's position was eliminated in 2003 when she was approximately 55 years of age; however, rather than discharge her, UHPS offered her a new position. (Opposition at Exs. J, N). Third, Plaintiff was transferred to the position of Medical Secretary I in 2008, which came with an increase in pay – again while she was in the protected class. (Opposition at Ex. S). And, finally, the co-workers that assumed Plaintiff's job duties upon her separation are both members of Plaintiff's protected class. (Plaintiff Dep. at 92; Decl. Conti at ¶

---

523 (6th Cir. 2013) (a plaintiff lacking direct evidence of discrimination must prove their ADA claim through the familiar burden-shifting analysis of *McDonnell Douglas*).

4). In fact, according to Plaintiff, Carol Campbell is about the same age as Plaintiff. (Plaintiff Dep. at 92). Finally, Plaintiff testified that no one at UHPS, including her supervisors and co-workers, ever made any age-based comments to her. (Plaintiff Dep. at 50 and 106).

Accordingly, Plaintiff's age discrimination claims under Ohio and federal law fail as a matter of law.

### III. CONCLUSION

Based on the above-cited arguments and authorities, summary judgment should be granted in favor of Defendant on all of Plaintiff's claims because no genuine issue of material fact exists and Defendant is entitled to summary judgment as a matter of law.

Respectfully submitted,

*/s/Liana R. Hollingsworth*
David A. Campbell (0066494)
Liana R. Hollingsworth (0085185)
VORYS, SATER, SEYMOUR AND PEASE LLP
200 Public Square, Suite 1400
Cleveland, Ohio 44114
Telephone: (216) 479-6100
Fax: (216) 479-6060
Email: dacampbell@vorys.com
           lrhollingsworth@vorys.com

*Attorneys for Defendant University Hospitals Physician Services, Inc.*

### STATEMENT OF ADHERENCE TO LOCAL RULE 7.1

This Memorandum in Support adheres to the page limitations set forth in Local Rule 7.1 of the United States District Court for the Northern District of Ohio. The present action is assigned to the standard case management track.

**CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing was served via the Court's CM/ECF system this 21st day of September, 2016, upon:

Mark E. Porter
Law Office of Mark E. Porter, LLC
6480 Rockside Woods Boulevard South
Suite 300
Cleveland, Ohio 44131-2222

                              */s/Liana R. Hollingsworth*
                              Liana R. Hollingsworth (0085185)
                              Vorys, Sater, Seymour and Pease LLP
                              200 Public Square, Suite 1400
                              Cleveland, Ohio 44114
                              (216) 479-6100
                              (216) 479-6060 fax
                              lrhollingsworth@vorys.com

                              *One of the Attorneys for Defendant*